RESOLUTION TRUST CORPORATION,
Petitioner,

v.

Charles Daniel SILVEOUS,
Jr., Respondent.

Misc. No. 92–515.

United States District Court,
District of Columbia.

Feb. 4, 1993.

As Amended Feb. 5, 1993.

James E. Topinka, Pettit & Martin, San Francisco, CA and Paul M. Laurenza, Pettit & Martin, Washington, DC, for petitioner.

Bruce A. Bode, Arnstein & Lehr, Chicago, IL, for respondent.

ORDER

GASCH, Senior District Judge.

This matter is before the Court on the petition of the Resolution Trust Corporation (the "RTC") to enforce an administrative subpoena *duces tecum* against respondent, Charles Silveous. Respondent is a former officer [1] of Freedom Federal Savings and Loan ("Freedom"), a failed federally insured depository institution, to which the RTC has been appointed receiver. The RTC's subpoena, which was first issued in October and was reissued on December 23, 1992, seeks respondent's personal, financial records for the years 1990 to present. The RTC seeks these documents in connection with its investigation of possible negligent management, breach of fiduciary duty or the improper transfer of Freedom's assets. On February 3, 1993, this Court held a hearing for respondent to show cause why he should not be compelled to comply with the administrative subpoena. At the hearing, respondent contended, through counsel, that his personal, financial information for the years 1990 to present is irrelevant to the RTC's investigation of alleged

---

**1.** Respondent's counsel represented that his client occupied the position of vice-president for loans.

wrongdoing because respondent's employment at Freedom ended in 1988. Respondent also argued that the RTC must make a *prima facie* showing of wrongdoing before it can enforce an administrative subpoena *duces tecum.*

■ In response to respondent's first contention, the RTC argued that evidence of possible wrongdoing of a former officer of a failed savings and loan, such as an improper asset transfer, is not usually confined to the time period when that person was employed at the institution. The implication is that an improper asset transfer which transpired in 1988 may not appear in personal records until 1990. The RTC also asserted that the post-employment financial records of a former officer may provide circumstantial evidence of financial impropriety if, for example, the former officer's personal asset base substantially changed after he terminated or resigned from his employment.

■ The RTC's arguments in support of relevance are persuasive. Moreover, a federal agency's own appraisal of the relevancy of an administrative subpoena must be accepted so long as it is not "obviously wrong." *FTC v. Invention Submission Corp.,* 965 F.2d 1086, 1089 (D.C.Cir.1992), *cert. denied,* ___ U.S. ___, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993). The Court accepts the RTC's appraisal, and finds that the documents sought are reasonably relevant to the purpose of the RTC's investigation. *See id.*

■ Respondent's second argument, that the RTC must make a *prima facie* showing of wrongdoing before it can enforce its subpoena, puts the cart before the horse. In many instances, the RTC can not make a *prima facie* showing of wrongdoing unless it first obtains the very documents which are sought in the subpoena. In addition, such a requirement would be contrary to the underlying purpose of the administrative subpoena, which is to determine whether adversarial proceedings should be initiated. As the Supreme Court said in *United States v. Morton Salt Co.,* 338 U.S. 632, 642–43, 70 S.Ct. 357, 363–64, 94 L.Ed. 401 (1950), the administrative agency "has a power of inquisition," which it may exercise "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."

In the context of RTC investigations, courts in this circuit have not required the RTC to make a *prima facie* showing of wrongdoing before enforcing subpoenas *duces tecum.* In *RTC v. Feffer,* 793 F.Supp. 11, 16–17 (D.D.C.1992) (on motion for reconsideration), the District Court enforced the RTC's subpoena *duces tecum* based on the RTC's "representations" that the respondent "may be liable," and an affidavit in support thereof. Here, the RTC has made good faith assertions in their pleadings and at the show cause hearing that respondent may be liable. The Court finds that these assertions constitute a sufficient basis for enforcement of the subpoena *duces tecum.* The Court also notes that the subpoena *duces tecum* issued in this case is substantially less broad than subpoenas which were enforced in *RTC v. Walde,* Misc. No. 92–419 (D.D.C. December 9, 1992) (Jackson, J.), and *RTC v. Adams,* Misc. No. 92–492, 1993 WL 56177 (D.D.C. January 15, 1993) (Harris, J.), and is similar in scope to subpoenas *duces tecum* which have been enforced in several other cases in this court. Accordingly, it is by the Court this 3rd day of February, 1993,

ORDERED that respondent be, and he hereby is, compelled to comply with the subpoena *duces tecum* which the RTC issued on December 23, 1992, and it is further

ORDERED that respondent produce the personal, financial records which are sought in section III B of the subpoena, and it is further,

ORDERED that respondent produce said documents on or before February 10, 1993.